CHAISSON, J.,
concurs with reasons.
|,I agree with the majority opinion in this case that First Bank, having failed to formally introduce and have admitted its evidence on the motions for summary judgment, has failed to meet its burden of proof on its motions, and therefore the judgments granting summary judgments must be reversed.
However, regarding the issue of the handling of Proctor’s Cove II’s motion to recuse, because the official record indicates that there is still an outstanding attachment against Keith Paul Gagnon, I feel compelled to comment further.[6] For the following reasons, I find that the attachment against Mr. Gagnon was improvidently issued and should be recalled.
The trial judge struck the motion to recuse based upon her determination that Keith Paul Gagnon did not fall within the exception provided by La. R.S. 37:212(0, and therefore was not authorized to file *431 any pleadings on behalf of Proctor’s Cove II. Without further expounding upon the various possible interpretations of the- exception, I strongly echo Judge Wicker’s comments that it is poorly written, causes confusion, and is subject to different interpretations. Regardless of the proper interpretation of the exception, appellants failed to timely seek appellate review of the trial court’s ruling that Keith Paul Gagnon is |2prohibited from filing pleadings on behalf of Proctor’s Cove II, and I am therefore of the opinion that they are now precluded from objecting -to the striking of the motion to recuse. My concern is that this poorly worded exception is the genesis of the issuance of an attachment for contempt against Keith Paul Gagnon.
Furthermore, it appears that the attachment for contempt was issued against Keith Paul Gagnon for the filing of the motion to recuse and motion to stay proceedings. However, the record does not reflect that any order had been issued prohibiting Mr. Gagnon from filing pleadings prior to his filing the motion to recuse on December 13, 2011. Nor does the record reflect that Mr. Gagnon has filed any pleadings in the district court subsequent to the motion to recuse. Additionally, First Bank asserts in their motion to prohibit, and in the accompanying memorandum, that Mr. Gagnon had been warned on the record by the trial judge not'to file any additional pleadings on behalf of Proctor’s Cove II. To the contrary, the record in fact bears out Mr. Gagnon’s assertion that, not only had he not been warned against filing any additional pleadings, but when the issue was informally raised by First Bank at an October 2, 2009 hearing, the trial judge
allowed him to argue on behalf of Proctor’s Cove II.[7] First Bank compounds this apparent misstatement by filing with this Court a memorandum in support of its motion to strike, alleging that the contempt citation against Mr. Gagnon was for “filing pleadings on behalf of Proctor’s Cove, in direct violation of the court’s order.” (emphasis added). The record reflects that no such prior order exists.
|sUnder these circumstances,' and in light of appellants’ request that all orders subsequent to the filing of the motion to recuse be vacated, and the fact that Mr. Gagnon’s liberty may be at stake should he be arrested on the attachment, I write to express my opinion that the attachment appears to be improvidently issued and should be recalled.

. Appellants have assigned as error, and objected to, all rulings of the trial court subsequent to the filing of the motion to recuse, presumably including the issuance of the attachment against Keith Paul Gagnon.

. Furthermore, since December 30, 2008, the date that Mr. Gagnon first filed a pleading on behalf of Proctor’s Cove II as one of its members, until the January II, 2012 judgment prohibiting him from doing so (a period of three years), the record is replete with instances of Mr. Gagnon being allowed to file pleadings on behalf of Proctor’s Cove II, without objection being made by First Bank, and First Bank in turn serving Proctor's Cove II with pleadings through Mr. Gagnon.